IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JESUS TREVINO                                                                                          PLAINTIFF

v.                                    Civil No. 09-5143

BENTON COUNTY, ARKANSAS;
INVESTIGATOR COREY COGGIN;
DEPUTY TRAVIS NEWELL; INVESTIGATOR
NATHAN ATCHISON; and INVESTIGATOR
SHEYLA FERNANDEZ                                                                                  DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Jesus Trevino[1] (hereinafter Trevino), also known as Adalid Montiel Figuerpoa, filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Trevino is currently incarcerated in the Federal Correctional Institution in Forrest City, Arkansas. The events at issue in this case began on July 2, 2007, in Benton County, Arkansas, with investigators of the Benton County Sheriff's Office performing an undercover drug buy. Trevino was arrested on July 3, 2007, following a traffic stop. He maintains the traffic stop was illegal, the search of the vehicle was illegal, and he was falsely arrested and incarcerated.

On March 30, 2010, Defendants filed a summary judgment motion (Doc. 22). Trevino has been given five extensions of time to respond to the motion so that he could complete discovery and obtain necessary documents. His last motion for an extension of time (Doc. 58) was granted on October 18, 2010 (Doc. 59), and Trevino was given until November 5, 2010, to respond. Trevino has not filed a response to the motion.

---

[1] I will refer to the Plaintiff by the name Trevino throughout this report and recommendation.

-1-

## 1. Background

On July 2, 2007, Investigator Sheyla Fernandez, by telephone, arranged to purchase methamphetamine from a Hispanic male known as Honduras. Defendants' Exhibit 2 (hereinafter Defts' Ex.) at pg. 1. Investigators Newell and Coggin were assigned as Fernandez's cover team and to monitor an audio listening device (ALD). Fernandez met with Honduras and two other unknown Hispanic males. Id. Fernandez and Honduras went to her vehicle where she agreed to purchase an "8-ball" for $300. Id. Later that evening, Fernandez purchased what was represented to her to be an "8-ball" of methamphetamine from one of the two unidentified Hispanic males. Id. at pg. 2.

Fernandez field tested the substance and it had a negative result for methamphetamine. Defts' Ex. 2 at pg. 2. She called Honduras and he agreed to make it right the following day. Id.

On July 3rd, Honduras arranged to meet Fernandez at the McDonalds in Lowell, Arkansas. Defts' Ex. 2 at pg. 3. Fernandez concealed an ALD on her body. Id. Honduras represented that he did not have the methamphetamine. Id. Fernandez stated she wanted her money or the drugs the following day. Id. Honduras agreed. Id.

Coggin followed the vehicle occupied by Honduras and another Hispanic male. Defts' Ex. 2 at pg. 3. Coggin stopped the vehicle on Interstate 540 for a traffic violation. Id. Both of the vehicle's occupants were arrested. Id. Honduras was identified as Adalial Montiel Figueroa (Trevino). Id. The driver of the vehicle was identified as Carlos Mejia and he was given a citation for the traffic violations. Id. Both Mejia and Trevino were transported to the BCDC. Id. Trevino had no identification and indicated he was from Honduras and was in this country illegally. Id.

Trevino was booked into the Benton County Detention Center (BCDC) on July 3, 2007, on charges of delivery of a counterfeit substance (schedule I or II narcotic). Defts' Ex. 1 at pg. 1.

On July 5th, probable cause was found to exist for the continued detention of Trevino for the offenses of accomplice to deliver a counterfeit substance and conspiracy to deliver a counterfeit substance. Defts' Ex. 1 at pg. 6-7. He was appointed a public defender and his next court date was scheduled for August 13, 2007. Id.

On May 12, 2008, Trevino failed to appear for a court proceeding and a bench warrant was issued. Defts' Ex. 1 at pg. 9. He was arrested on the failure to appear charge and booked back into the BCDC on May 15th. Id. at pg. 10. He was also being held for the United States Marshal Service. Id. at pg. 10. On July 7th, the State's motion to nolle prosequi the state charges was granted. Id. at pg. 13. Trevino was released into the custody of another agency on July 24th. Id. at pg. 10.

### 2. Applicable Standard

"Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We view all evidence and inferences in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). However, the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. See Celotex v. Catrett, 477 U.S. 317, 324 (1986).

### 3. Discussion

"An officer's observation of a traffic violation, however minor, gives the officer probable cause to stop a vehicle, even if the officer would have ignored the violation but for a suspicion

AO72A
(Rev. 8/82)

that greater crimes are afoot." United States v. Luna, 368 F.3d 876, 878 (8th Cir. 2004). "To determine whether a traffic stop was based on probable cause or was merely pretextual, an objective reasonableness standard is applied." United States v. Mallari, 334 F.3d 765, 766 (8th Cir. 2003)(internal quotations and citations omitted). An officer is justified in making a stop "when the officer objectively has a reasonable basis for believing that a driver has breached a traffic law." Id. at 767 (internal quotations and citations omitted). The fact that the officer may have been following the vehicle is not material if the officer waits until the driver of the vehicle violates a traffic law which provides a legitimate reason to stop the vehicle. United States v. Alcantar, 271 F.3d 731, 736 (8th Cir. 2001).

In support of their argument that the traffic stop was lawful, Defendants rely on the affidavit for probable cause to obtain bond, prepared by Fernandez, as support for the proposition that Coggin both stopped the vehicle for a traffic violation and issued a citation to the driver, Mejia. Doc. 23 at pg. 4. Defendants' motion is not supported by an affidavit from Coggin, by a copy of the citation issued, or any other material suggesting the reason for the traffic stop. Nor does the record contain any information on what, if anything, was found during the search of the vehicle. The legality of the search is, of course, dependent on the legality of the stop.

**4. Conclusion**

For the reasons stated, I find that the motion for summary judgment (Doc. 22) should be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of March 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)