IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JESUS TREVINO                                                                           PLAINTIFF

v.                                Case No. 5:09-CV-05143

BENTON COUNTY, ARKANSAS; INVESTIGATOR
COREY COGGIN; DEPUTY TRAVIS NEWELL;
INVESTIGATOR NATHAN ATCHISON; and
INVESTIGATOR SHEYLA FERNANDEZ                           DEFENDANTS

**ORDER**

This case was filed by Plaintiff Jesus Trevino on July 9, 2009. After three-and-a-half years of litigation, a couple of rounds of summary judgment motions, and an evidentiary hearing conducted by the Magistrate, as well as a failed interlocutory appeal, this case was transferred to the undersigned on February 28, 2013 upon recusal of United States District Judge Jimm Larry Hendren. Prior to recusing, Judge Hendren had raised, *sua sponte*, the issue of reconsideration of his earlier decision to not adopt the Magistrate's report and recommendation, which recommended granting Defendants' supplemental motion for summary judgment. Judge Hendren had sustained certain of Plaintiff's objections in denying Defendants' supplemental summary judgment motion, based largely on his conclusion that probable cause for Plaintiff's arrest had not been sufficiently established.

Judge Hendren directed the parties to make supplemental submissions to include the following:

(1)     "[A]ffidavits stating, on personal knowledge, what—if anything—was heard over Fernandez' [sic] ALD on July 3, 2007, by Atchison or Newell, and what—if any—communication occurred between Fernandez, Atchison, Newell, and Coggin

                on July 3, 2007, with regard to the arrest of 'Honduras'" (Doc. 146, p. 4);

(2)      Indication of "whether there is any dispute that the passenger in the Mejia vehicle on July 3, 2007, was, in fact, Jesus Trevino, a/k/a Adalid Montiel Figueroa " (*Id.*); and

(3)      Indication of "whether there are any issues to be tried other than the constitutional claim related to the validity of Trevino's arrest" (*Id*.).

Judge Hendren then stated, "[i]f—upon consideration of those submissions—the Court finds a genuine issue of material fact remaining, it will re-affirm its previous Order denying the Supplemental Motion for Summary Judgment, and a new trial date will be established. If not, it will reconsider and grant summary judgment." *Id*. at p. 5. This final statement appears to clarify that Judge Hendren's earlier declination to adopt the Magistrate's R&R was based upon the continued viability of only Plaintiff's Fourth Amendment false-arrest claim, and that only that particular claim was to be taken up at the previously scheduled trial. The Court will accordingly constrain itself to consideration, or reconsideration, of Plaintiff's Fourth Amendment false-arrest claim.

      The Court is now put in the difficult position of reconsidering a previously assigned judge's order based on the *sua sponte* misgivings of that judge. In tackling this task, the Court has conducted a review of the record in this case. The Court views Judge Hendren's notice and direction to the parties as the Court's *sua sponte* reconsideration of its previous order declining to adopt the Magistrate's report and recommendation on the issue of probable cause. In the Eighth Circuit, a district court may reconsider an earlier ruling *sua sponte*, provided the Court gives notice and an opportunity to be heard to the parties before issuing any new orders. *Pierson v. Dormire*, 484 F.3d 486, 491-492 (8th Cir. 2007). Pursuant to Federal Rule of Civil Procedure 60(b), the Court may "relieve a party or its legal representative from a final judgment, order, or proceeding" for a list of

enumerated reasons, including mistake, inadvertence, or "any other reason that justifies relief."

In considering recommendations of a magistrate judge on a dispositive matter, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). In this case, Judge Hendren, while first rejecting the magistrate's recommended disposition, later decided it would be most prudent to receive further evidence on the matter as allowed by Rule 72.

The requested evidence has now been received, and the Court reviewed that evidence in order to determine if any reason contemplated by Rule 60 exists to reconsider Judge Hendren's prior order. The Court was cognizant of making that determination in the context of a de novo review of the record, including both the parties' solicited submissions as well as Plaintiff's earlier objections and the prior record in this case.

Having reviewed the record, including the supplemental submissions of the parties, the Court must conclude that there are grounds for reconsideration of the Court's earlier order in that it now appears that there is no genuine dispute of material fact remaining in regard to the claims raised in Plaintiff's complaint. Defendants have submitted two affidavits in response to Judge Hendren's request for submissions. The affiants, Corey Coggin and Travis Newell, were both part of an investigative team assigned to work with an undercover investigator, Sheyla Fernandez. Coggin and Newell listened on July 2, 2007 as Fernandez, in her undercover capacity, negotiated a transaction with a person they identify as Plaintiff, wherein the person agreed to sell Fernandez methamphetamine. The methamphetamine sold to Fernandez later that day by an unidentified

Hispanic male turned out to be counterfeit. After Fernandez called to inform the person identified as Plaintiff that the substance sold to her was not methamphetamine, the person arranged to conduct another transaction with Fernandez the following day on July 3, 2007. Newell, Coggin, and another investigator named Nathan Atchinson were assigned as Fernandez's cover team when she went to complete the second transaction. From their cover vehicle, Newell and Atchinson monitored an audio listening device ("ALD") worn by Fernandez during the undercover operation. Newell and Atchinson also followed at a distance as Fernandez followed a green Geo Prism driven by Carlos Mejia with Plaintiff in the passenger seat. At the second location, Trevino got into Fernandez's car, and Newell and Atchinson listened to the conversation through the ALD. Newell heard Trevino state that he did not have any methamphetamine or the money to repay what Fernandez had paid for the counterfeit drugs. During the course of the operation, Newell and/or Atchinson relayed the information they heard through the ALD to Coggin, who was in a separate vehicle. Once Mejia and Plaintiff left the location of the second transaction, a decision was made that Coggin should pull over the Geo Prism. After Coggin observed the Geo Prism commit a traffic offense, he pulled the car over. Coggin arrested Plaintiff based on the information relayed to him during the undercover operation by Atchinson and Newell and his observations of the counterfeit drug transaction the day before.

"A warrantless arrest by law enforcement is reasonable where there is probable cause to believe that someone has committed or is committing a crime." *United States v. Winarske*, 715 F.3d 1063, 1066 (8th Cir. 2013). "When multiple officers are involved in an investigation, probable cause may be based on their collective knowledge and need not be based solely on the information within the knowledge of the arresting officer so long as there is some degree of communication." *United*

*States v. Frasher*, 632 F.3d 450, 453 (8th Cir. 2011). The Court agrees with the Magistrate's assessment that the information known by the team of officers working on the case against Plaintiff was sufficient to establish probable cause to arrest Plaintiff. The Court finds that probable cause existed to arrest Plaintiff for involvement in selling a counterfeit substance[1] in violation of Arkansas Code Annotated § 5-64-401(b) or (c) (*subsequently repealed by* Acts of 2011, Act 570 § 33, effective July 27, 2011),[2] which prohibited possession, creation, or delivery of counterfeit substances purporting to be controlled substances. The affidavits submitted by Defendants in response to Judge Hendren's directive make clear that there was sufficient communication among the officers working on the investigative team to allow Coggin to make the arrest.

Furthermore, the Court also agrees with the Magistrate's assessment that Coggin would be entitled to qualified immunity on Plaintiff's Fourth Amendment false-arrest claim. An officer is entitled to qualified immunity if there is at least "arguable probable cause" for a warrantless arrest. *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1059 (8th Cir. 2013). "Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based in probable cause if the mistake is objectively reasonable." *Id*. (quotation omitted). Coggin worked on the investigation of this case and, based on that involvement and the communications he received from the other officers, he had an objectively reasonable belief that the person he arrested, Plaintiff, was the person involved in

---

[1] "Counterfeit substance" is defined as "a noncontrolled substance, that by overall dosage unit appearance including color, shape, size, markings, packaging, labeling, and overall appearance or upon the basis of representations made to the recipient, purports to be a controlled substance or to have the physical or psychological effect associated with a controlled substance." A.C.A. § 5-64-101(6)(A).

[2] It appears the same conduct is now prohibited under Arkansas law by A.C.A. §§ 5-64-441 and 5-64-442.

arranging the counterfeit drug transaction on July 2, 2007. Therefore, the Court finds that Defendants are additionally and alternatively entitled to summary judgment on Plaintiff's Fourth Amendment false-arrest claim on the basis of qualified immunity.

Plaintiff's bare assertion that Defendants falsified information in order to support a showing of probable cause appears to be based, at least in part, on a mistaken assumption that he was arrested for having drugs with him in the car at the time of his arrest, even though no drugs were ever found. In any event, the Court finds that Plaintiff has not overcome Defendants' sworn affidavits to raise a genuine issue as to whether his arrest was based on false information generated by the officers of Benton County.

The Fourth Amendment false-arrest claim was the only claim raised by Judge Hendren as potentially viable to proceed to trial. Judge Hendren directed the parties to identify any other issues that remained to be tried. Defendants, not surprisingly, did not identify any other issues. Plaintiff raised an issue about the length of the traffic stop being unlawful. Such a claim would be bound up in his unreasonable seizure claim under the Fourth Amendment and is mooted by his lawful arrest, as the officers had probable cause to arrest Plaintiff even before pulling the car over.

The Court finds that it was mistaken in previously denying Defendants' supplemental motion for summary judgment and further finds that the interests of justice and expediency justify granting the appropriate relief to Defendants at this time. The Court therefore reconsiders and grants relief to Defendants from its earlier order denying them summary judgment. As a result of such reconsideration, IT IS ORDERED that the Court's earlier order (Doc. 114) is vacated only insofar as it declines to adopt, and/or is inconsistent with adoption of, the report and recommendation of the Magistrate.

The Court does not reconsider any other portion of Judge Hendren's previous order (Doc. 114), and Judge Hendren's rulings rejecting the majority of Plaintiff's objections will stand.

IT IS THEREFORE ORDERED that the Magistrate's recommendation (Doc. 104) is ADOPTED IN FULL, and Defendants' supplemental motion for summary judgment (Doc. 94) is GRANTED, based on the reasoning set forth in the Magistrate's report and recommendation (Doc. 104) and in this order, as supported by the facts on record, including those facts established by the additional evidence received by the Court.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 158) to strike is denied, as it appears to the Court that, although not explicitly stated in Defendants' affidavits, the statements contained therein are based on the affiants' personal knowledge.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 160) for default judgment is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 161) for U-Visa certification is DENIED.

Judgment will be entered accordingly.

IT IS SO ORDERED this 11th day of October, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE